**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentin Zarate Diaz,<br>　　　　Petitioner,<br>v.<br>Laura Andrea Rios Ibarra,<br>　　　　Respondent. | No. CV-19-03183-PHX-DWL<br>**ORDER** |

Valentin Zarate Diaz ("Father") and Laura Andrea Rios Ibarra ("Mother") are the parents of a seven-year-old child ("Son V"). On May 16, 2019, Father filed a verified petition under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, which implements the provisions of the Hague Convention on the Civil Aspects of International Child Abduction. (Doc. 1.)

The petition alleges that, on November 24, 2018, Mother improperly removed Son V from Mexico, where he had previously been residing with Father, and took him to live with her in Arizona. (Doc. 1 ¶¶ 10-50.) The petition seeks, among other things, an order compelling the "immediate return of Son V to [Father]." (*Id.* at 6.) Additionally, Father has filed an application to proceed *in forma pauperis* (Doc. 2) and an *ex parte* motion for an expedited hearing and for an order compelling the child to remain in the District of Arizona pending resolution of this dispute (Doc. 4).

The Court rules on Father's requests as follows. First, Father's application to proceed *in forma pauperis* (Doc. 2) will be granted.

Second, because Father has been granted such leave, he's also entitled, upon request, to have the United States Marshal's Service ("USMS") effectuate service of the petition upon Mother. *See* Fed. R. Civ. P. 4(c)(3). Here, the petition includes a request for USMS assistance. (Doc. 1 ¶ 9 ["Petitioner requests that the United States Marshal's Service personally serve Respondent with this Verified Petition and accompanying documents."].)

Although the Court would otherwise be inclined to grant this request, the difficulty here is that Father hasn't provided Mother's address. The summons application (Doc. 3) purports to include an address for Mother, but that address appears to the business location of a commercial civil engineering firm. Father hasn't provided any explanation for why he chose this address. The USMS can't serve the petition if it doesn't know where to go. Accordingly, Father's request for service assistance from the USMS will be denied without prejudice. If and when Father provides the Court with a valid address for Mother (or an adequate explanation for why the civil engineering firm listed on the summons is a valid address for serving Mother), his request will be granted.

Third, Father's *ex parte* motion (Doc. 4) contains two different requests. First, it asks the Court to set an expedited hearing. This request will be denied without prejudice. To be clear, the Court intends to give this matter expedited consideration. *See generally Lops v. Lops*, 140 F.3d 927, 944 (11th Cir. 1998) ("Article 11 of the Hague Convention contemplates an immediate emergency hearing in international child abduction cases and a judicial decision within six weeks."); *Martinez-Castaneda v. Haley*, 2013 WL 12106712, *4 (W.D. Tex. 2013) ("The treaty contemplates that a case for the return of a child will be decided expeditiously. After a period of six weeks has passed from the time of filing of the case, the State Department may inquire of the court handling the case to provide reasons for the delay in disposing of the case."). However, before setting a discovery, briefing, and hearing schedule, Father must demonstrate that Mother is aware of the proceedings. *See* 22 U.S.C. § 9003(c) ("Notice of an [ICARA action] shall be given in accordance with the applicable law governing notice in interstate child custody proceedings."); 28 U.S.C. §

1738A(e) ("Before a child custody or visitation determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child."). Thus, the case can't proceed until Father provides a valid service address for Mother and until the USMS is able to effectuate service using that address. *Cf. Ebanks v. Ebanks*, 2007 WL 2591196, \*3 (S.D.N.Y. 2007) ("ICARA . . . provides the method for service in Hague Convention proceedings: 'in accordance with the applicable law governing notice in interstate child custody proceedings.' Therefore, Petitioner needed to serve his petition papers upon Respondent in accordance with [state] law."). Once Mother is properly served, the Court will hold a status conference to solicit the parties' input on how to proceed.

Fourth, the *ex parte* motion also asks the Court to issue an order compelling Son V to remain in Arizona until these proceedings are completed. This request, which the Court construes it as a request for a temporary restraining order ("TRO"), will also be denied without prejudice. A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation and emphasis omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits— then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v.*

*Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Here, Father hasn't shown a likelihood of irreparable harm in the absence of a TRO. Specifically, Father hasn't presented any specific evidence suggesting that Mother is likely to flee from Arizona, taking the children with her, in the absence of a TRO. Such a showing is usually necessary to obtain a TRO in an ICARA matter. *See, e.g., Morgan v. Morgan*, 289 F. Supp. 2d 1067, 1070 (N.D. Iowa 2003) (granting TRO where father presented evidence that "it is the intention of [mother] to take the child out of Iowa in the very near future; and that if a temporary restraining order is not issued *ex parte*, [mother] will likely flee this jurisdiction with the child upon receiving notice of [father's] intent to seek a temporary restraining order preventing them from doing so"); *Application of McCullough on Behalf of McCullough*, 4 F. Supp. 2d 411, 413 (W.D. Pa. 1998) (granting TRO application where Canadian father presented evidence that mother had recently stated, during a phone call, "that the 'end time' was near and that she and their children would not be returning to Canada. [Father] understood the reference to the 'end time' as a statement which related to his wife's religious beliefs . . . that [her] sect . . . must be ready to flee to Petra, Jordan if and when the church's leader directs. Apparently, adherents believe that only by escaping to Petra will God save them from an apocalyptic event."). Additionally, even if the Court were to grant the injunctive relief sought by Father, it's unclear the injunction would have any practical effect because Mother isn't currently aware of these proceedings and TROs ordinarily must expire within 14 days of issuance. *See* Fed. R. Civ. P. 65(b)(2).

Accordingly, **IT IS ORDERED** that:

(1) Father's application to proceed *in forma pauperis* (Doc. 2) is **granted**;

(2) Father's request for USMS assistance in serving the petition on Mother (Doc. 1 ¶ 9) is **denied without prejudice**; and

(3) Father's *ex parte* motion for an expedited hearing and for an order compelling the child to remain in the District of Arizona pending resolution of this dispute (Doc. 4) is **denied without prejudice**.

Dated this 17th day of May, 2019.

Dominic W. Lanza
United States District Judge